## CLARK *vs.* CLARK.*

Whenever a libel for divorce is pending, or where the husband and wife are living separately or are *bona fide* in a state of separation, although there be no action for divorce pending, the wife may institute proceedings on the equity side of the court, setting forth fully her case, and upon three days' notice to the husband, the judge may hear the same in term or in vacation, and grant such order as he might grant were it based on a pending libel for divorce.

(a) The presiding judge did not abuse his discretion in granting alimony in this case.

October 12, 1886.

Alimony. Husband and Wife. Before Judge MAR-SHALL J. CLARKE. Fulton Superior Court. March Term, 1886.

Alice Clark filed her petition, addressed to the judge of Fulton superior court, alleging, in brief, as follows: She was married to the defendant on March 12th, 1883, and had made him a true and affectionate wife. He treated her cruelly, and finally sent her to a distant city for her health, but failed to provide her any means of support while there, and on her return, refused to live with her, and they are now living in a *bona fide* state of separation. He earns $8.00 to $9.00 a week, while, on account of bad health, she is unable to earn a living. The prayer was, that the judge would decree a sufficient amount to be paid to her for her maintenance, and $25.00 attorney's fees in this litigation.

*BLANDFORD, J , did not preside in this case, because of indisposition.

A rule *nisi* was issued, returnable March 13. The defendant answered, setting up bad conduct on the part of the petitioner; that she had left of her own accord; that he had not refused to allow her to return; and that he had not mistreated her, but she preferred to run about in idleness and keep bad company.

On the hearing, the evidence was conflicting. The presiding judge awarded the plaintiff $4.00 per month until further order, and $25.00 attorney's fees. The defendant excepted.

R. J. JORDAN, for plaintiff in error.

W. F. WRIGHT, by J. C. REED, for defendant.

HALL, Justice.

Whenever a libel for divorce is pending, or where the husband and wife are living separately or are *bona fide* in a state of separation, although there be no action for divorce pending, the wife may institute proceedings on the equity side of the court, setting forth fully her case, and upon three days' notice to the husband, the judge may hear the same in term or vacation, and grant such order as he might grant were it based on a pending libel for divorce, etc. Code, §§1747, 1737.

The separation was shown; indeed it was not questioned that the parties were living apart and were *bona fide* in a state of separation when this proceeding for alimony was filed and heard. The evidence was directly conflicting as to the causes of separation, and as to which party was to blame therefor. It was shown that the wife was in poor health, and that the husband's income was thirty dollars or more per month. The judge, by his interlocutory decree, allowed her $4.00 per month as alimony and $25.00 counsel fees, to continue until otherwise ordered. We cannot agree with counsel for defendant, that the judge, in passing this order, used his discretion whimsically or un-

usually, in that he allowed such an excessive amount as would encourage separation between man and wife; and so believing, we do not feel authorized to interfere, and we must order the judgment affirmed.